IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-255-FL

| | | |
|---|---|---|
| JAMES HARRISON, Jr., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| CAROLYN W. COLVIN, | ) ) | |
| Acting Commissioner of Social Security, | ) ) | |
| Defendant. | ) ) ) | |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings (DE 13, 17). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II issued a memorandum and recommendation ("M&R") (DE 19), wherein it is recommended that the court deny plaintiff's motion and grant defendant's motion. Plaintiff timely filed objections to the M&R, and defendant did not respond. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

**BACKGROUND**

Plaintiff filed an application for disability and disability insurance benefits on February 22, 2012, alleging disability beginning September 28, 2007. Plaintiff's application was denied initially and upon reconsideration. A hearing was held on October 24, 2013, before an Administrative Law Judge ("ALJ") who determined that plaintiff was not disabled in a decision dated February 7, 2014. The appeals council denied plaintiff's request for review. Thereafter, plaintiff initiated an action in this court. On March 21, 2016, the court voluntarily remanded the case for further administrative

proceedings. Following remand, the ALJ held second hearing on October 25, 2016. On January 31, 2017, the ALJ issued decision, again finding that plaintiff was not disabled. After unsuccessfully seeking review by the appeals council, plaintiff commenced the instant action on May 25, 2017. (DE 1).

## DISCUSSION

A.      Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any

2

explanation for adopting the M&R.  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983).  Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform his past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation.  At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from September 28, 2007, through his date last insured of June 30, 2013.  At step two, the ALJ found that plaintiff had the following severe impairments: COPD/asthma.  At step two, the ALJ also found that plaintiff had several non-severe impairments, including, as relevant here, borderline to mildly deficient intellectual abilities. However, at step three, the ALJ further determined that plaintiff's impairments, taken alone or in combination, were not severe enough to meet or medically equal one of the impairments in the regulations.  In reaching the step three conclusion, the ALJ specifically addressed whether plaintiff's impairments met or medically equaled the criteria of listings 3.02 and 3.03.

Prior to proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform medium exertional work with the following restriction: He should avoid concentrated exposure to poorly ventilated areas and to pulmonary irritants such as dust, odors, and gases. (Tr. 452). In making this assessment, the ALJ found plaintiff's statements about the severity of his symptoms not fully credible. At step four, the ALJ concluded plaintiff was not capable of performing the requirements of his past relevant work as a sanitation worker. However, at step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that plaintiff was capable of performing.

B.     Analysis

Plaintiff contends that the ALJ erred by failing to address adequately whether or not impairments met the listing criteria for Listing 12.05, Intellectual Disorder. Plaintiff further contends that the magistrate judge attempted improperly to "excuse the ALJ's uncontested failure to perform an adequate listings analysis by offering a series of post hoc rationalizations." (DE 20, p. 2).

An ALJ has a duty to explain the administrative decision so as to enable meaningful judicial review. "While the [Commissioner] is empowered . . . to resolve evidentiary conflicts, the [Commissioner], through the ALJ, is required to explicitly indicate 'the weight given to all relevant evidence.'" Murphy v. Bowen, 810 F.2d 433, 437 (4th Cir. 1987) (quoting Gordon v. Schweiker, 725 F.2d 231 (4th Cir. 1984)). In particular, the ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). A denial of benefits is not supported by substantial evidence if the ALJ "has [not] analyzed all evidence and . . . sufficiently explained the

weight he has given to obviously probative exhibits." Gordon, 725 F.2d at 236. "[R]emand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision." Ivey v. Barnhart, 393 F. Supp. 2d 387, 390 (E.D.N.C. 2005) (citing Murphy, 810 F.2d at 438).

The regulations provide a "Listing of Impairments," organized by major body systems, that are deemed sufficiently severe to prevent a person from any gainful activity, regardless of age, education, or work experience. See 20 C.F.R. §§ 404.1525(a); 416.925(a). Each impairment is defined by medical signs, symptoms, or test results. Sullivan v. Zebley, 493 U.S. 521, 530 (1990). If a claimant's impairments meet or equal the medical criteria of a listing, the claimant is considered disabled. 20 C.F.R. §§ 404.1520(d); 416.920(d). The burden of proof is on the claimant to show that she meets all of the specified medical criteria. Sullivan, 493 U.S. at 530. "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Id.

Nevertheless, an impairment that does not meet the criteria of a listing may still medically equal the criteria of a listing. 20 C.F.R. §§ 1525(c)(5); 416.925(c)(5). This "equivalence" step cannot be met with a showing that the overall functional impact of an impairment is as severe as a listed impairment. Sullivan, 493 U.S. at 531. Rather, a claimant must present medical findings equal in severity and duration to all the criteria for a listing. Id.; 20 C.F.R. §§ 404.1526(a); 416.926(a).

Failure to address sufficiently a relevant listing is ground for remand. In Cook v. Heckler, 783 F.3d 1168 (4th Cir. 2013), the Fourth Circuit ordered remand of a denial of Social Security insurance benefits to a widow. Id. at 1169, 1174. In his decision, the ALJ had failed to identify the relevant listings and explicitly compare them to the claimant's symptoms. Id. at 1173. The court found that there was "ample evidence in the record to support a determination" that the claimant's

5

condition met one of the impairments.  Id. at 1172.  It further held that "[t]he ALJ should have

identified the relevant listed impairments. He should then have compared each of the listed criteria

to the evidence of [the claimant's] symptoms. Without such an explanation, it is simply impossible

to tell whether there was substantial evidence to support the determination."  Id. at 1173.

In a series of later, unpublished decisions, the Fourth Circuit clarified that Cook "does not

establish an inflexible rule requiring exhaustive point-by-point discussion in all cases." Russell v.

Chater, No. 94-2371, 1995 WL 417576, at *3 (4th Cir. July 7, 1995) (per curiam).  In Russell the

court distinguished Cook by holding that the ALJ's findings were not "cursory and inconsistent" and

that the ALJ had "discussed the evidence in detail and amply explained the reasoning which

supported his determination."  Id. at *3.   Likewise, in Green v. Chater, No. 94-2049, 1995 WL

478032 (4th Cir. Aug.14, 1995) (per curiam), the court found substantial evidence despite the ALJ's

failure to address specific listings, because the ALJ "listed all of the alleged impairments, and

discussed why he found many of [claimant's] alleged symptoms were not credible," and further

"found that many of [the claimant's] alleged symptoms were treatable."  Id., at *3.

In Radford v. Colvin, 734 F.3d 288, 290 (4th Cir. 2013), the Fourth Circuit found an ALJ's

explanation insufficient as to why the claimant did not meet an impairment listing.  There, the only

basis that the ALJ provided for concluding that claimant did not meet the applicable listing was a

statement that the ALJ had " 'considered, in particular,' the listing[ ] . . . and had noted that state

medical examiners had also 'concluded after reviewing the evidence that no listing [was] met or

equaled.' "  Id. at 292.  The court found the ALJ's decision "devoid of reasoning," noting that "[a]

full explanation by the ALJ is particularly important in this case because [the claimant's] medical

6

record includes a fair amount of evidence supportive of his claim" and further noting that "there is probative evidence strongly suggesting that [the claimant] meets or equals Listing 1.04A." Id. at 295. Because the ALJ's analysis of the relevant listing was insufficient, the court found it "impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings." Id.

Having considered the caselaw regarding what kind of explanation is necessary for an ALJ to adequately address a listing, the court turns to the pertinent listings and facts in this case. Pertinent here, Listing 12.05 applies to intellectual disorders. 20 C.F.R. Part 404, Subpart P, App'x 1, § 12.05. Listing 12.05 describes the criteria a claimant must meet or equal to merit this conclusive presumption of disability for an intellectual disorder:

> (A)(1) Significantly subaverage general intellectual functioning evident in [claimant's] cognitive inability to function at a level required to participate in standardized testing of intellectual functioning; and
>
> (2) Significant deficits in adaptive functioning currently manifested by [claimant's] dependence upon others for personal needs . . .; and
>
> (3) The evidence about [claimant's] current intellectual and adaptive functioning and about the history of [his] disorder demonstrates or supports the conclusion that the disorder began prior to [claimant's] attainment of age 22;
>
> OR
>
> (B)(1) Significantly subaverage general intellectual functioning evidenced by . . .
>
> > (a) A full scale (or comparable) IQ score of 70 or below . . .; or
> > (b) A full scale (or comparable) IQ score of 71–75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below; and
>
> (2) Significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:

(a) Understand, remember or apply information . . . ; or
(b) Interact with others . . .; or
(c) Concentrate, persist, or maintain pace . . .; or
(d) Adapt or manage oneself . . .; and

(3) The evidence about [claimant's] current intellectual and adaptive functioning and about the history of [claimant's] disorder demonstrates or supports the conclusion that the disorder began prior to [the claimant's] attainment of age 22.

20 C.F.R. Part 404, Subpart P, App'x 1, § 12.05.

In this case, the ALJ's explanation as to why plaintiff failed to meet Listing 12.05 is sufficient. As noted in the M&R, the record supports that plaintiff suffered borderline to mildly deficient intellectual abilities. (Tr. 450). The ALJ determined that "[t]he claimant's medically determinable mental impairments of anxiety disorder, and borderline intellectual functioning, did not cause more than minimal limitation in . . . claimant's ability to perform basic mental work activities." (Id.). In reaching this conclusion, the ALJ, "considered the four broad areas of mental functioning set out in the disability regulation for evaluating mental disorders and in the Listing of Impairments." (Id.). In so doing, the ALJ considered the following four areas of mental functioning: 1) understanding, remembering, or applying information; 2) interacting with others; 3) concentrating, persisting, or maintaining pace; and 4) adapting or managing oneself. (Id. at 451). As noted in the M&R, the ALJ's finding that plaintiff had not shown sufficient adaptive functioning deficits is supported by substantial evidence. (See DE 19, pp. 12–13).

Plaintiff contends that the "ALJ ultimately failed to explain whether [he] met or equaled Listing 12.05." (DE 20, p. 2). Contrary to plaintiff's suggestion, the ALJ explained adequately why plaintiff does not have an intellectual disorder disability. Specifically, the ALJ considered plaintiff's

apparent ability to "understand and comprehend direction, instruction, and the expectations of [any] situation without significant difficulty." (Tr. 455). The ALJ also considered plaintiff's Woodstock-Johnston III Test total achievement score of 79, which score resulted in diagnosis of borderline to mildly deficient intellectual abilities. (Id..). However, the ALJ noted that plaintiff's "academic and adaptive behavior skills appeared somewhat higher than the currently obtained IQ score would predict." (Id.). The ALJ further explained that plaintiff appeared well adjusted to interpersonal environments, did not have significant difficulties understanding, retaining, and following instruction, and was able to sustain attention and perform simple, repetitive tasks. (Id.).

Where the ALJ discussed plaintiff's intellectual abilities and the medical evidence in support thereof, the ALJ performed an adequate listing analysis. See e.g., Russell, 1995 WL 417576, at *3 (holding that the ALJ's listing analysis was sufficient where the ALJ "discussed . . . evidence in detail and amply explained the reasoning which supported his determination"); see also Green, 1995 WL 478032, at *3 (finding substantial evidence despite the ALJ's failure to address specific listings, where the ALJ "listed all of the alleged impairments, and discussed why he found many of [claimant's] alleged symptoms were not credible"). Therefore, the court overrules plaintiff's objection.

Plaintiff also contends that the magistrate judge improperly relies on revised Listing 12.05, which listing is not applicable in this case. Where the magistrate judge determined that the record "fails to establish that [plaintiff's] impairments meet the criteria of either Listing 12.05C (the former Listing) or 12.05B (the revised Listing)," the court overrules this objection as well.

## CONCLUSION

Based on the foregoing, upon *de novo* review of the portions of the M&R to which specific objections were raised, and upon considered review of the remainder, the court adopts the magistrate judge's recommendation in full. The court GRANTS defendant's motion for judgment on the pleadings (DE 17) and DENIES plaintiff's motion for judgment on the pleadings (DE 13). The clerk is DIRECTED to close this case.

SO ORDERED, this the 21st day of August, 2018.

LOUISE W. FLANAGAN
United States District Judge